UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------X
SHKUMBIN BALIDEMAJ
            Plaintiff,

                                                  Case No.:

   v.

2301 KINGS LLC
            Defendant.
-------------------------------------------------X

## COMPLAINT AND JURY TRIAL DEMAND

Please TAKE NOTICE that Plaintiff, Shkumbin Balidemaj (hereinafter also referred to as "Plaintiff"), by and through her undersigned counsel and sues the Defendant, 2301 Kings, LLC (hereinafter also referred to as "Defendant"), and states as follows:

## INTRODUCTION

1.    This is an action in excess of $175,000 (exclusive of fees an interest) by Plaintiff against his former employer for violation of the minimum wage and overtime provision pursuant to the Fair Labor Standards Act ("FLSA"), New York State Minimum Wage laws, and unjust enrichment pursuant to New York State common law. Plaintiff seeks damages and a reasonable attorney's fee.

## JURISDICTION

2.    This action arises in part under 29 U.S.C. § 201, et. seq. of the FLSA. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b). The jurisdiction of the Court is invoked based on federal question namely, Section 16 of the Fair labor Standards Act (FLSA) 29 USC *52* 16 and **28** USC SS **133** 1 and 1367. This Court's pendent jurisdiction is also invoked in relation to causes of action arising under state law herein included. All the

causes of action alleged in his complaint arose within the territorial jurisdictional limits of the Eastern District of New York.

3. The action also arises pursuant to New York State Minimum Wage law and New York State Common Law. Plaintiff requests supplemental jurisdiction be extended over these related claims.

4. Defendant a corporation existing under the laws of the State of New York, was an employer of Plaintiff as defined by the FLSA and New York State Labor Laws. Plaintiff is a natural person and a citizen of New York.

## ENTERPRISE COVERAGE

5. Defendant, upon the information and belief of Plaintiff, is engaged in interstate commerce covered by the FLSA's Enterprise Coverage. Defendant is believed to receive revenue in excess of $1, 692,000 annually during the 3 years preceding the filing of this lawsuit evidenced, in part, via its ownership of 94 apartments for which it received rents of an average of $1,500 per month per apartment in addition to other income from diverse businesses and assets in New York State and elsewhere in the United States. Defendant is believed to have significant rental income from the aforementioned and/or other properties and assets.

6. Plaintiff's job duties included but are not limited to, the following work related to the building of the defendant by:

    1) servicing rental units for the rental property on a daily basis.

    2) picking up supplies for the management office,

    3) making repairs to apartments comprised in the property and occupied by tenants,

    4) collecting trash and removal thereof, from tenants' apartments daily.

    5). Removing ice and snow from the premises

## FACTS

7. Beginning in or about 2011, the Plaintiff agreed to work at 2301Kings Highway and Brooklyn NY 11219. Plaintiff's duties included working as a domestic servant and unskilled laborer for the defendant at the building owned by defendant, servicing approximately 94 apartments occupied by tenants. Plaintiff was neither employed as, nor was he, a licensed building superintendent.

8. Plaintiff is not an employee exempt from receiving overtime compensation under New York Law or Federal statutes.

9. The New York Spread of Hours law requires an extra hour of pay when an hourly employee ("non-exempt," as in "not exempt from receiving overtime") has a workday that begins and ends more than ten hours apart.

10. It was specifically understood and expected that the plaintiff's employment would be governed by applicable law. It was Plaintiff's expectation that he would work 40 hours per week, plus overtime, enjoy vacation and be paid for spread of hours. Defendant accepted the benefits of Plaintiff's labor and suffered or permitted him to work for at least the past 3 years.

11. As compensation for said services, Plaintiff only received free rent with a value of approximately $1200.00 on a monthly basis and a flat rate weekly compensation stated as "salary" irrespective of the number of hours worked by plaintiff for the period.

12. Plaintiff was required to work for a period of 12 hours per day from Sunday through Monday every week.

13. Plaintiff was neither allowed sick days nor vacation time. If plaintiff requested a vacation, he was required to provide a substitute worker to cover his duties and the substitute would be remunerated by plaintiff.

14. Over the course of the employment, Plaintiff's wife, daughter and friends have covered for him variously. As such, at all times material, Plaintiff was being paid less than the Federal, and New York State, Minimum Wages. Additionally, even during off hours, plaintiff is required to remain on call on the employer's premises during which periods he is unable to use the on-call time for his own purposes.

15. The Wage and Hour Division has stated that if an employee "is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes," the waiting time is considered hours worked under the FLSA and is compensable.

16. At all times material to this action, defendants employed the plaintiff upon the understanding that plaintiff would receive at least the mandated minimum wage for 40 hours of work per week and one and half times the regular wage for any hours worked in excess of 40 hours. Plaintiff was paid and he received less than minimum wage per hour for the services he rendered to the defendant throughout the duration of his employment.

17. Plaintiff frequently worked more than forty hours in a work week without being paid one and half times his hourly wage for hours worked in excess of 40 hours. Plaintiff often worked for upwards of 168 hours every week and he received a remuneration of only $500.00 per week. Plaintiff worked from Monday to Saturday between the hours of 8 a.m., to 5pm, variously as a porter, janitor, cleaner and handyman, a total of 40 hours on Mondays through Saturdays. For the balance of the days from 5 p.m. till 12 midnight and 12.00am till 8am and 24 hours and on Sundays he was on call. And during these periods, he was required to remain physically on the premises. Plaintiff received remuneration of a flat rate of $500.00 per week during this period.

18. The minimum wage period was $7.15 per hour in a 40-hour week and $10.725 for any hour worked beyond 40 hours in any given week and an additional $7.15 per hour for any hour worked beyond 10 hours in every day pursuant to New York Law.

19. The minimum wage for a 168-hour week worked by plaintiff three years is as follows: **$286.00** regular pay for the 40 hours; **$1,372.8** for 128 hours of over-time and **$700.70** spread of hours (14 hours every day) under New York Law, a total of **$2,359.50** per week or **$245,388.00.**

## **WILLFUL VIOLATIONS**

20. Repeats and realleges each and every allegation contained in paragraphs 1 through 14 with the same force and effect as if set forth here at length.

21. On information **and** belief, Defendant has for more than three years, willfully, deliberately and intentionally refused to pay plaintiff for time actually worked, and for time and one-half pay for overtime worked.

22. On information and belief, and in violation of the FLSA, Defendants did not, during all relevant times, and even now, post the FLSA laws in an area alerting employees members of their rights to payment for time worked and to overtime pay under the FLSA.

23. Defendants knew or should have known that employee were entitled to compensation for time actually worked and for time and one-half overtime pay under the

FLSA, during all relevant times.

24. Defendants, however, willfully, deliberately and intentionally failed to pay plaintiff for time actually worked and for time and one-half overtime wages to plaintiff for hours worked in excess of forty hours per week.

5

25. Plaintiff is therefore, owed compensation for time actually worked but not paid, and time and one-half overtime wages and back wages by Defendants, who willingly and knowingly withheld those wages.

**FOR A FIRST CAUSE OF ACTION**

26. Repeats and re-alleges each and every allegation contained in paragraphs 1 to 25 with the same force and effect as if set forth here at length.

27. Defendants have violated Section 6 of the FLSA, 29 U.S.C. 206, by failing to pay Plaintiff the minimum wage of $7.15 per hour for the period of three years.

28. Defendant's failure to pay plaintiff the minimum wage for all the hours worked was willful within the meaning of the FLSA.

29. Defendants are liable to plaintiff in the amount of the unpaid compensation plus liquidated damages in the amount of the unpaid compensation.

30. Defendant failed to pay Plaintiff overtime due pursuant to the FLSA as described in part in Sec 7(a)(1) of the FLSA.

31. Plaintiff was damaged by Defendant's failure to pay him overtime.

WHEREFORE, Plaintiff demands a judgment against Defendant for the following:

    (a)    Wages found to be due and owing;

    (b)    An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

    (c)    Prejudgment interest in the event liquidated damages are not awarded;

    (d)    A reasonable attorney's fee and costs; and,

    (e)    Such other relief as the Court deems just and equitable.

## FOR A SECOND CAUSE OF ACTION

32. Repeats and re-alleges each and every allegation contained in paragraphs 1, to 31 with the same force and effect as if set forth here at length.

33. Defendants have violated Section 7 of the FLSA, 29 U.S.C. S. 207, by failing to pay plaintiff at the rate of one and half times his regular rate of pay for each hour worked in excess of 40 hours during the work week.

34. Defendants' failure to pay plaintiff time and half for overtime hours was willful within the meaning of the FLSA. Defendants are liable to plaintiff in the amount of the unpaid compensation plus liquidated damages in the amount of the unpaid compensation.

WHEREFORE, Plaintiff demands a judgment against Defendant for the following:

(a) Wages found to be due and owing;

(b) An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## FOR A THIRD CAUSE OF ACTION

35. Repeats and re-alleges each and every allegation contained in paragraphs 1 to 34 with the same force and effect as if set forth here at length.

36. Pursuant to New York Labor Law Section 198, defendants are liable to plaintiff in the amount of compensation he was entitled by New York Labor law S. 650 et seq and by New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-3.1, to receive but

7

were, in fact, not paid, plus liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

    WHEREFORE, Plaintiff demands a judgment against Defendant for the following:

  (a)  Wages found to be due and owing;

  (b)  An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

  (c)  Prejudgment interest in the event liquidated damages are not awarded;

  (d)  A reasonable attorney's fee and costs; and,

  (e)  Such other relief as the Court deems just and equitable.

## **FOR A FOURTH CAUSE OF ACTION**

37. Repeats and re-alleges each and every allegation contained in paragraphs 1- 36, with the same force and effect as if set forth here at length.

38. Pursuant to New York Labor Law Section 198, defendants are liable to plaintiff in the amount of compensation he was entitled by New York Labor law Section 650 et seq and by New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-3.2, to receive but were, in fact, not paid, by defendant failing to pay plaintiff one and half times his regular rate of pay for each hour he worked in excess of 40 hours during a work week, plus liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

    WHEREFORE, Plaintiff demands a judgment against Defendant for the following:

  (a)  Wages found to be due and owing;

  (b)  An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable

### FOR A FIFTH CAUSE OF ACTION

39. Repeats and re-alleges each and every allegation contained in paragraphs 1 to 38 with the same force and effect as if set forth here at length.

40. Pursuant to New York Labor Law Section 198, defendants are liable to plaintiff in the amount of compensation he was entitled by New York Labor law Section 650 et seq and by New York Compilation of Codes, Rules and Regulations, Title 12, Section 142-2.4, to receive but were, in fact, not paid, by defendants failing to pay plaintiff the required $7.15 per hour, for three years, for each day he worked more than ten hours, plus liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

WHEREFORE, Plaintiff demands a judgment against Defendant for the following:

(a) Wages found to be due and owing;

(b) An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable

### FOR A SIXTH CAUSE OF ACTION – UNJUST ENRICHMENT

41. Plaintiff re-alleges paragraphs 1-40 above.

42. Defendant failed to reimburse Plaintiff for expenses he incurred while working for

Defendant and for advanced rent and security deposit.

Plaintiff was damaged by Defendant's failure to reimburse him for his expenses.

WHEREFORE, Plaintiff demands a judgment against Defendant for the following:

(a) Damages found to be due and owing;

(b) Prejudgment interest in the event liquidated damages are not awarded; and,

(c) Such other relief as the Court deems just and equitable.

## AS AND FOR A SEVENTH CAUSE OF ACTION – BREACH OF CONTRACT

43. Plaintiff re-alleges paragraphs 1-42 above.

44. Defendant agreed to reimburse Plaintiff for expenses he incurred while working for Defendant, but has failed to do so. He also failed to reimburse Plaintiff for monies expended by him to repair and renovate to habitable standards, the apartment which was assigned to plaintiff as his residence.

45. Plaintiff was damaged by Defendant's failure to reimburse him for his expenses.

WHEREFORE, Plaintiff demands a judgment against Defendant for the following:

(a) Damages found to be due and owing;

(b) Prejudgment interest in the event liquidated damages are not awarded; and,

(c) Such other relief as the Court deems just and equitable.

## EIGHT CAUSE OF ACTION – FAILURE TO KEEP ACCURATE TIME RECORDS

46. Plaintiff re-alleges paragraphs 1-45 above.

47. Defendant violated the Fair Labor Standards Act by failing to pay plaintiff legally required overtime. Defendant paid straight time for all hours worked, and failed to maintain accurate time records.

48. Plaintiff was damaged by Defendant's failure to keep accurate time records and pay the amounts due for services rendered by Plaintiff. Defendant simply paid Plaintiff straight time for all the times he worked and intentionally omitted to state the hours worked by plaintiff or keep accurate time records for times worked by plaintiff for which the "salary" was being paid.

WHEREFORE, Plaintiff demands a judgment against Defendant for the following:

(a)  Damages found to be due and owing;

(b)  Prejudgment interest in the event liquidated damages are not awarded; and, (c) Such other relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated: Bronx, New York,
July 06, 2019.

        Respectfully Submitted
        MADU, EDOZIE & MADU, P.C

By _____
    Uche Emelumadu, Esq.
    Attorneys for plaintiff
    1599 East Gunhill Road
    Bronx, New York 10469
    (718) 379 3500